**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH DAVID HATHAWAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2352-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon movant Ralph David Hathaway's "motion under 18 U.S.C. § 4 for misprision of a felony for a charge under 18 U.S.C. § 1209—federal kidnapping." For the reasons explained below, the motion will be denied, and this case will be dismissed.

### Background

On July 27, 2015, movant appeared before Magistrate Judge Shirley P. Mensah for his initial appearance in case number 4:15-MJ-7217-SPM. Movant was represented by Beverly Beindiek. At this initial appearance, movant was advised of the nature of his offense, the right to be represented by counsel and the right to have counsel appointed. The government made an oral motion for detention. According to the courtroom minute sheet, "Defendant waives identity hearing, preliminary hearing and detention hearing in this District." Movant was remanded to custody, and a detention hearing was set for July 30, 2015. *See United States v. Hathaway*, No. 4:15-MJ-7217-SPM, ECF No. 1.

On that same date, movant and his attorney signed a "Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)." *Id.* at ECF No. 4. The waiver stated:

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the <u>Central District of Illinois</u>

I have been informed of the charges and my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise—unless I am indicted—to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

√     an identity hearing and production of the warrant.

√     a preliminary hearing.

√     a detention hearing.

√     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: <u>07/27/2015</u>          [/s/ Defendant's signature]
                                 [/s/ Signature of defendant's attorney]
                                 [Printed name of defendant's attorney]

*Id.* at ECF No. 4.

On July 27, 2015, Judge Mensah also signed a form titled "Commitment to Another District," which stated as follows:

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the Central District of Illinois, [blank]     division.   The defendant may need an interpreter for this language: [blank]  .

    The defendant:

                will retain an attorney
√           is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED**:   The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and may bail to the charging district.

*Id.* at ECF No. 5.

On August 7, 2015, movant was indicted in the Central District of Illinois, on one court of transportation with intent to engage in criminal sexual activity, and two counts of travel with intent to engage in illicit sexual conduct.  *United States v. Hathaway*, No. 3:15-cr-30035-RM-TSH (C.D. Ill.).[1]  The government alleged that movant had a sexual relationship with a minor victim, and that he had made multiple trips from his Illinois residence to South Carolina for this purpose. Following a jury trial, he was found guilty on all three counts.  *United States v. Hathaway*, No. 3:15-cr-30035-RM-TSH (C.D. Ill. Sept. 30, 2016).  On April 19, 2017, he was sentenced to a term

---

[1] The Court takes judicial notice of the filings and orders in movant's federal criminal case.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); *Hood v. United States*, 152 F.2d 431, 435 (8th Cir. 1946) (stating that federal district court may take judicial notice of proceedings from another federal district court).

of 400 months on court one, and 360 months on counts two and three, and five years supervised release. The sentences in counts two and three were run concurrently to count one.

## Movant's Motion

Movant's motion is titled, "Motion Under 18 U.S.C. § 4 for Misprision of a Felony for a charge under 18 U.S.C. § 1209—Federal Kidnapping." In the motion, movant asserts: "The Government thus kidnapped the Petitioner, forced him against his will and confined him illegally in Illinois for 'crimes' which are not Federal 'crimes of violence' under 18 U.S.C. § 16(b), which were known void prior to trial per the case of: **Vival-Ceja**, 808 F.3d 719 (2015) . . . ." For relief, movant seeks a court ruling that he is not guilty of the federal crimes of violence . . . and was taken without authority to do so."

## Discussion

Although titled as a motion under 18 U.S.C. § 4, movant seeks to vacate, set aside, or correct his federal conviction and sentence entered by the District Court for the Central District of Illinois on three counts of coercion or enticement of a minor female. Such a motion is properly filed in the "court which imposed the sentence," that is, the District Court for the Central District of Illinois. *See* 28 U.S.C. § 2255(a).

On May 9, 2019, movant filed a § 2255 motion with the Central District of Illinois. *See Hathaway v. United States*, No. 3:19-cv-3124-RM-TSH (C.D. Ill. May 9, 2019). The motion is in excess of 160 pages and raises the issue raised in the instant motion, that is, whether 18 U.S.C. § 16(b) is void for vagueness. *Id.* at ECF No. 5 at 5-6. The motion is fully briefed and pending before the District Court for the Central District of Illinois, which is the only court with jurisdiction to hear movant's § 2255 motion.

Moreover, to the extent movant alleges he was kidnapped by the government because he "was not legally extradited for crimes that were non-existent under federal law," this argument

must be dismissed as frivolous. During movant's pretrial procedures before Magistrate Judge Mensah, he was informed of the charges against him, his rights, and agreed to waive his rights to an identity hearing, a preliminary hearing, a detention hearing, production of the warrant, and any hearing to which he might have been entitled in the Eastern District of Missouri. *United States v. Hathaway*, No. 4:15-MJ-7217-SPM, ECF No. 4 (E.D. Mo. Jul. 27, 2015). Movant requested that these hearings be held in the Central District of Illinois and consented to the issuance of an order requiring his appearance in the Central District of Illinois. *Id.* His agreed-upon transport by the United States marshal to the Central District of Illinois does not meet the elements of a federal kidnapping under 18 U.S.C. § 1201.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that movant's "Motion under 18 U.S.C. § 4 for Misprision of a Felony for a charge under 18 U.S.C. § 1209—Federal Kidnapping" is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this _9th_ day of December, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE